# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES GALLAWAY, | : | |
| Petitioner, | : | |
| v. | : | No.: 4:17-CV-861 |
| WARDEN BALTAZAR, | : | (Judge Brann) |
| Respondent. | : | |

## MEMORANDUM OPINION

### AUGUST 1, 2017

## I. BACKGROUND

This petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 was filed by James Gallaway, while he was confined at the Canaan United States Penitentiary, Waymart, Pennsylvania (USP-Canaan). Named as Respondent is USP-Canaan Warden Baltazar. Service of the petition was recently ordered.

Petitioner states that he is presently incarcerated for violating the terms of his supervised release of a sentence imposed by the United States District Court for the District of New Jersey. Gallaway's pending petition claims entitlement to sentence credit for time spent incarcerated from October 19, 2015 to March 15, 2016. *See* Doc. 1, ¶ 13. The Petitioner contends that the period of time at issue was not credited towards service of any other sentence and if granted proper credit, he would be entitled to release n June 2017.

After being initially released from federal custody on December 3, 2014, Gallaway was arrested on October 19, 2015 and remained incarcerated in the Atlantic County Prison, Mays Landing, New Jersey until March 15, 2016, when he posted bail. After posting bail, Gallaway asserts that he was taken into custody by the United States Marshals pursuant to a federal detainer issued based on Petitioner's alleged violation of the terms of his supervised release. Gallaway acknowledges that he has filed an administrative grievance regarding his present claim with the Federal Bureau of Prisons (BOP) which was still pending at the time this matter was filed. *See* Doc. 1-1, p. 2.

Following service of the petition, Respondent filed a "Notice of Suggestion of Mootness" seeking dismissal of Petitioner's action due to his June 16, 2017 release from federal custody. *See* Doc. 6. .

## II. DISCUSSION

Habeas corpus review under § 2241 "allows a federal prisoner to challenge the 'execution' of his sentence." *Woodall v. Federal Bureau of Prisons*, 432 F.3d 235, 241 (3d Cir. 2005). A habeas corpus petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement in prison. *Preiser v. Rodriguez*, 411 U.S. 475 (1973), *Telford v. Hepting*, 980 F.2d 745, 748 (3d Cir.), *cert. denied*, 510 U.S. 920 (1993). Federal habeas relief is available only "where the deprivation of rights is such that it necessarily impacts the fact or length

of detention." *Leamer v. Fauver*, 288 F.3d 532, 540 (3d Cir. 2002). Since Petitioner seeks habeas corpus relief with respect to the calculation of his sentence, this matter was properly raised under § 2241.

The case or controversy requirement of Article III, § 2 of the United States Constitution subsists through all stages of federal judicial proceedings. Parties must continue to have a "'personal stake in the outcome' of the lawsuit." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990); *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975). In other words, throughout the course of the action, the aggrieved party must suffer or be threatened with actual injury caused by the defendant. *Lewis*, 494 U.S. at 477.

The adjudicatory power of a federal court depends upon "the *continuing* existence of a live and acute controversy." *Steffel v. Thompson*, 415 U.S. 452, 459 (1974) (emphasis in original). "The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Id*. at n.10 (citations omitted). "Past exposure to illegal conduct is insufficient to sustain a present case or controversy ... if unaccompanied by continuing, present adverse effects." *Rosenberg v. Meese*, 622 F. Supp. 1451, 1462 (S.D.N.Y. 1985) (citing *O'Shea v. Littleton*, 414 U.S. 488, 495-96 (1974)); *see also Gaeta v. Gerlinski*, Civil No.3:CV-02-465, slip op. at p. 2 (M.D. Pa. May 17, 2002) (Vanaskie, C.J.).

As explained in *Burkey v. Marberry*, 556 F.3d 142, 147 (3d Cir. Feb. 18, 2009) in the context of a habeas corpus challenge to the execution of a sentence under 28 U.S.C. § 2241, "[i]ncarceration satisfies the case or controversy requirement; it is a concrete injury." *Id*. However, once the petitioner has been released, "some continuing injury, also referred to as a collateral consequence, must exist for the action to continue." *Id.; See also United States v. Jackson*, 523 F.3d 234, 241 (3d Cir. 2008).

This petition was not filed until May 11, 2017. *See* Doc. 1, p. 9. Gallaway's sole claim asserts that he was improperly denied federal sentence credit for time spent incarcerated from October 19, 2015 to March 15, 2016. As relief, he sought his release from federal custody during June 2017. Respondent has notified the Court that Petitioner was indeed released from federal custody on June 16, 2017. Also submitted for consideration by the Respondent are institutional records and a declaration under penalty of perjury by BOP Attorney Advisor Michael FiggsGanter which also indicate that Gallway was released after completing service of his federal sentence.

The Supreme Court in *Spencer v. Kemna*, 523 U.S. 1, 7 (1998), held that release of a petitioner from custody on a parole violator term deprived federal courts of the power to act. Significantly, the Supreme Court found that there were no "collateral consequences" remaining after expiration of the parole violator term

sufficient to animate the matter with a case or controversy capable of concrete redress, explaining that federal courts "are not in the business of pronouncing that past actions which have no demonstrable continuing effect were right or wrong." *Id*. at 18. *See also United States v. Kissinger*, 309 F.3d 179, 181-82 (3d Cir. 2002) (a petitioner unconditionally released from probation cannot maintain challenge to sentence received for violating the terms of probation); *Lane v. Williams*, 455 U.S. 624, 632-34 (1982); *Hagwood v. Grondolsky*, 2009 WL 455499 *2 (D.N.J. Feb. 19, 2009)(federal inmate's challenge to the BOP's reversal of a decision to place him on home confinement became moot once the BOP placed the prisoner on home confinement).

Petitioner has not shown that he is suffering any collateral consequences as required under *Spencer, Jackson*, and *Kissinger* stemming from the alleged prior failure of federal officials to properly calculate his sentence.[1] As noted in *Hagwood*, the type of habeas claim asserted here is mooted once a federal inmate is released from federal custody.

Since Gallaway has completed service of his federal sentence, under the principles set forth in *Steffel*, his sole claim of improper calculation of his federal sentence is subject to dismissal as moot since it no longer presents an existing case

---

[1] It is noted that the outcome of Petitioner's administrative challenge regarding calculation of his sentence is unknown.

or controversy.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge